IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-222-BO

| | |
|---|---|
| ADAM SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | O R D E R |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 18]. A hearing on this matter was held in Raleigh, North Carolina on September 19, 2014. The Commissioner appeared via video feed at this hearing. For the reasons detailed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Mr. Smith filed for SSI on March 1, 2010, alleging disability as of an automobile accident suffered on July 26, 2008. After initial denials, plaintiff testified at a hearing before an Administrative Law Judge (ALJ) on October 22, 2011. The ALJ denied Mr. Smith's claim, and the Appeals Council denied plaintiff's request for review. The ALJ's decision therefore became the final decision of the Commissioner on August 12, 2013. Mr. Smith timely sought review of the ALJ's decision in this Court.

1

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

In evaluating whether a claimant is disabled, an ALJ uses a sequential multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and either meet or equal an impairment listed by the regulations (Listing). *Id.* Fourth, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, a claimant may be disabled if the impairment prevents the claimant from doing other work. *Id.* The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that Mr. Smith met the insured status requirements and had not engaged in substantial gainful activity since his application date of March 1, 2010, the ALJ determined that plaintiff had the following severe impairments: type II odontoid fracture at C2 requiring internal fixation; cervical stenosis, cervical disc herniation, borderline intellectual functioning, and

2

polysubstance abuse. [Tr. 27]. The ALJ then found that Mr. Smith did not have an impairment or combination of impairments that met or equaled a Listing in step three, and had a residual functional capacity (RFC) to perform a range of work between medium and light exertion levels. [Tr. 30]. The ALJ found that plaintiff could not return to his past relevant work as a construction worker and meat processor, but that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. [Tr. 33–34]. Accordingly, the ALJ found that plaintiff was not disabled. [Tr. 35].

Substantial evidence does not support the ALJ's determination that plaintiff did not satisfy his burden to show that he meets a Listing at step three. A claimant may be found disabled on medical grounds alone when he has a "condition [that] meets the specific criteria in the [Listing] or is the equivalent of a listed impairment." SSR 83–19. In order to show that he meets a listing, a claimant must show that he meets all of the specified medical criteria of that Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing 12.05 deals with intellectual disability. Though the ALJ found that the record does not show that plaintiff meets any subsection of Listing 12.05, plaintiff contends that he meets Listing 12.05C, which requires:

1. Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22 (Prong One);

2. A valid verbal, performance, or full scale IQ of 60 through 70, (Prong Two) and;

3. A physical or other mental impairment imposing an additional and significant work-related limitation of function (Prong Three).

20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05; *Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012) (labeling the prongs of 12.05).

Neither prong two or three are at issue in this case. The ALJ accepted the IQ test results, showing a full-scale IQ of 61, thus prong two is not in dispute. [Tr. 28]. Prong three is met as a

3

matter of law when the claimant's physical or other mental impairment is determined to be severe at step two. *See, e.g., Maybank v. Astrue*, 2009 WL 2855461, at *9 n.3 (D.S.C. 2009) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A) (citation omitted); *Ramirez v. Colvin*, 2014 WL 360183 (C.D.Cal. 2014). Further, the government does not contest prong three.

At issue in this case is whether the evidence demonstrates that plaintiff had deficits in adaptive functioning with an onset prior to age 22. Limitations in areas such as "communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health and safety" can constitute deficits in adaptive functioning. *Jackson v. Astrue*, 467 Fed.Appx. 214 (4th Cir. 2012) (citing *Atkins v. Virginia*, 536 U.S. 304, 309 n.3 (2002)). According to the Vineland Adaptive behavior scales, administered on July 14, 2010, Mr. Smith has severe deficits in functional academic skills. [Tr. 445, 48]. The same testing also demonstrated that Mr. Smith is at the age equivalence of 10 years, 2 months in the communication domain, an age equivalence of 13 years, 9 months in the socialization domain, and a significantly delayed ability to utilize fluid reasoning. [Tr. 448]. In sum, his "Adaptive Behavior Composite" score placed him at the level of approximately a 12-year-old. [*Id.*]. At that time, he was 28 years old. School records show that Mr. Smith has always manifested sub-average general intellectual functioning. As a child, he had to repeat the second grade and was in special education classes. [Tr. 46, 284, 440, 446]. Mr. Smith tested at a second grade level in reading and language near the end of third grade, and he failed standardized testing as a teenager in both 1998 and 1999. [Tr. 287, 285–86]. In sum, the record makes it clear that Mr. Smith has deficits in adaptive functioning that presented well before age 22.

In light of the record evidence, the Court finds that plaintiff meets Listing 12.05C and that the ALJ's decision to the contrary is not supported by substantial evidence. As the Court has found that Mr. Smith meets a Listing, it declines to consider his other arguments.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

As plaintiff has demonstrated that he meets Listing 12.05C, a remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby REVERSED.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED, and defendant's motion for judgment on the pleadings [DE 18] is DENIED. The decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED.

This 23 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE